## BAYLES v. ROBINSON.

(Supreme Court, Appellate Term. February 11, 1907.)

BROKERS—COMPENSATION—CONTRACT OF EMPLOYMENT—PROOF.

In an action for compensation for services in renting defendant's farm, plaintiff failed to show compliance with the conditions of his employment, and gave no evidence of any agreement to pay the specific commission or of the value of his services. In his bill for compensation he asked only

half the amount demanded in the action. *Held*, that plaintiff was not entitled to recover.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 8, Brokers, §§ 116–120.]

Appeal from Municipal Court, Borough of Manhattan, Twelfth District.

Action by Thomas L. Bayles against Mary L. Robinson. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Argued before GILDERSLEEVE, MacLEAN, and AMEND, JJ.

Carrington & Pierce, for appellant.

William Austin Moore, for respondent.

MacLEAN, J. Upon incidents construable, crediting everything claimed, into authority to let the defendant's farm in New Jersey for one year at $20 a month, with options to the tenant under circumstances named to take it for two further years at $25 and $30 a month, respectively, the plaintiff, as he claims, rented the property for 11 months at the rate of $240 per annum, with the tenant's privilege of renewel for a year at $300, and the privilege of another renewal at $360. The proposed tenant was not let into possession of the premises. The plaintiff has judgment for $90, or 10 per cent. of a rental for a full term of three years at $20, $25, and $30 per month, respectively. Besides failing to show acceptable compliance with the conditions of his employment, the plaintiff, excepting a compensation asked in conversation with the defendant's son regarding another transaction "which did not go through," gave no evidence of agreement to pay the specific commission or of the value of his services. Moreover, there was put in evidence against him his own bill, rendered for half the amount he has recovered, and which on his own statement is more than four times what he could recover and more than eight times what the defendant's witness testified he asked in the other transaction. The judgment should be reversed.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.